**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FRANCISCO JAVIER MORENO CISNEROS,<br><br>         Plaintiff,<br><br>v.<br><br>J. MERCADO, D. COLE,<br>M. GUERRERO,<br><br>         Defendants. | No. CV 07-640-PHX-MHM (MEA)<br><br>ORDER OF DISMISSAL<br>WITHOUT PREJUDICE |

Plaintiff, while an inmate at the Florence Correctional Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 27, 2007. On June 19, 2007, the Court issued an order directing monthly payments be made from Plaintiff's inmate account and sent a copy of the payment order to Plaintiff. The Court's order also required Plaintiff to complete and return a service packet for Defendants to the Court by July 9, 2007. That order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure. The Court's June 19 order was mailed to Plaintiff at the address stated on his complaint, and was returned to the Court as undeliverable.

Plaintiff filed a change of address notification with the Court on June 20, 2007. On July 5, 2007, the Court ordered the Clerk of the Court to mail a copy of the Court's screening and service order of June 19, 2007, to Plaintiff at the address stated on the notification filed June 9, 2007. The Clerk did so and the order was returned to the Court again as undeliverable. Plaintiff has not provided the Court with his current address, and Plaintiff never returned a service packet to the Court. The Court has been and is unable to contact Plaintiff and to collect the filing fee in this matter.

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk ... in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d

-2-

1439, 1441 (9th Cir. 1988).  Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action."  In <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party.  Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing.  <u>Id.</u> at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440 (quoting <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986)).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions."  <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir.

-3-

1  1990).

2  Here, the first, second, and third factors favor dismissal
3  of this case.  Plaintiff's failure to keep the Court informed of
4  his address prevents the case from proceeding in the foreseeable
5  future.  The fourth factor, as always, weighs against dismissal.
6  The fifth factor requires the Court to consider whether a less
7  drastic alternative is available.  Without Plaintiff's current
8  address, however, certain alternatives are bound to be futile.
9  Here, as in Carey, "[a]n order to show cause why dismissal is
10 not warranted or an order imposing sanctions would only find
11 itself taking a round trip tour through the United States mail."
12 856 F.2d at 1441.

13 The Court finds that only one less drastic sanction is
14 realistically available.  Rule 41(b) provides that a dismissal
15 for failure to prosecute operates as an adjudication upon the
16 merits "[u]nless the court in its order for dismissal otherwise
17 specifies."  In the instant case, the Court finds that a
18 dismissal with prejudice would be unnecessarily harsh.  The
19 Complaint and this action will therefore be dismissed without
20 prejudice pursuant to Rule 41(b) of the Federal Rules of Civil
21 Procedure.

22 **IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the
23 Federal Rules of Civil Procedure this action is **dismissed**
24 **without prejudice** and the Clerk of the Court shall enter
25 judgment accordingly.

26 DATED this 2nd day of August, 2007.

_____
Mary H. Murguia
United States District Judge